MITCHELL J. LANGBERG (Nevada Bar No. 10118)
mlangberg@bhfs.com
LAURA E. BIELINSKI (Nevada Bar No. 10516)
lbielinski@bhfs.com
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
Telephone:   (702) 382-2101
Facsimile:   (702) 382-8135

Attorneys for Plaintiff
BOYD GAMING CORPORATION

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BOYD GAMING CORPORATION, a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ERIK HALL, an individual,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>(1) Cybersquatting<br>   under 15 U.S.C. § 1125(d)<br><br>(2) Trademark Infringement<br>   under 15 U.S.C. § 1114<br><br>(3) Unfair Competition<br>   under 15 U.S.C. § 1125(a)<br><br>(4) Trademark Dilution<br>   under 15 U.S.C. § 1125(c)<br><br>(5) Common Law Trademark<br>   Infringement<br><br>(6) Common Law Intentional Interference with Prospective Economic Advantage<br><br>(7) Deceptive Trade Practices under N.R.S. § 598.0915 |

For its complaint against Defendant Erik Hall ("Defendant"), Plaintiff Boyd Gaming Corporation ("Plaintiff") alleges the following:

1

## NATURE OF THE CASE

This is an action for cybersquatting, trademark infringement, unfair competition, and trademark dilution under federal statutes, with pendent state and/or common law claims for trademark infringement, intentional interference with prospective economic advantage and deceptive trade practices. Plaintiff seeks damages, attorneys' fees, costs, and preliminary and permanent injunctive relief.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental jurisdiction over Plaintiff's common law claims pursuant to 28 U.S.C. § 1367(a).

2. This Court has personal jurisdiction over Defendant based upon the following: (a) Defendant operates a website on the Internet that is accessible to residents of the State of Nevada; (b) Defendant's domain name automatically redirects users to a website that is interactive in that it allows web users to gamble; and (c) Defendant has committed tortious acts that Defendant knew or should have known would cause injury to a resident in the State of Nevada.

3. Venue is proper in the United States District Court for the District of Nevada under 28 U.S.C. §§ 1391(b) and 1391(c).

## PARTIES

4. Plaintiff Boyd Gaming Corporation is a Nevada corporation, which owns and operates resort hotel casinos across the country, including the Blue Chip Casino Hotel Spa ("Blue Chip Casino"), located in Michigan City, Indiana.

5. Upon information and belief, Defendant Erik Hall is an individual residing in Canada who operates a website automatically directing its visitors to an online casino accessible to United States residents.

## PLAINTIFF'S RIGHTS

6. Plaintiff owns and operates Blue Chip Casino, a famous casino hotel spa located in Michigan City, Indiana.

7. Since Blue Chip Casino opened in 1997, Plaintiff and its predecessors in interest have continuously used the BLUE CHIP trademark in connection with a variety of goods and services.

8. Plaintiff owns numerous federal trademark registrations for BLUE CHIP on the Principal Register of the United States Patent and Trademark Office ("USPTO") in connection with a variety of goods and services:

  a) **BLUE CHIP CASINO & HOTEL (and Design)** for casino, nightclub, dance hall, and entertainment services, namely live performances featuring live and pre-recorded music, pre-recorded video, singers, dancers, magicians, actors, acrobats and comedians (Reg. No. 2,899,139) in International Class 41;

  b) **BLUE CHIP CASINO HOTEL (and Design)** for casino services; entertainment services in the nature of live performance by musical groups and vocalists, live comedy shows, live theatrical productions (Reg. No. 3,475,375) in International Class 41;

  c) **BLUE CHIP** for entertainment services in the nature of on-going comedy shows and live performances by musical groups and vocalists; entertainment in the nature of theater productions; planning entertainment events; and casino services (Reg. No. 2,159,517) in International Class 41;

  d) **BLUE CHIP** for hotel services, restaurant services, bar services, retail store services featuring sundries and gifts, catering services, party planning consultation and providing convention facilities (Reg. No. 2,201,815) in International Class 42;

  e) **BLUE CHIP CASINO & HOTEL (and Design)** for resort lodging services, hotel, restaurant, bar and cocktail lounge services (Reg. No. 2,899,138) in International Class 43;

  f) **BLUE CHIP** for providing facilities for business meetings and conferences (Reg. No. 2,164,547) in International Class 35;

g) **BLUE CHIP CASINO 777 (and Design)** for providing facilities for business meetings and conferences; retail store services featuring clothing, beverage ware, key chains, magnets, postcards, stationery, jewelry, tote bags, knapsacks, statues, plates, kitchenware, namely, utensils and household containers, ceramics, frames, vases, jewelry boxes, books, magazines and sundries (Reg. No. 3,024,221) in International Class 35;

h) **BLUE CHIP** for metallic key rings (Reg. No. 2,211,489) in International Class 6.

i) **BLUE CHIP (and Design)** for metallic key rings (Reg. No. 2,246,398) in International Class 6;

j) **BLUE CHIP** for note pads, playing cards, writing utensils, post cards and paper napkins (Reg. No. 2,160,889) in International Class 16;

k) **BLUE CHIP** for non-metallic money clips and plastic key rings (Reg. No. 2,164,546) in International Class 20;

l) **BLUE CHIP** for mugs, cups, beer steins, drinking glasses, plastic coasters and coasters not of paper and not being table linen (Reg. No. 2,159,518) in International Class 21;

m) **BLUE CHIP (and Design)** for mugs, cups, beer steins, drinking glasses, plastic coasters and coasters not of paper and not being table linen (Reg. No. 2,246,397) in International Class 21;

n) **BLUE CHIP CASINO 777 (and Design)** for beverage glassware, beverage ware, mugs, steins, cups, plates, meal trays, cookie jars, plastic water bottles sold empty, insulated beverage holders, vases, porcelain and earthenware, coasters, bottle openers, cork screws, non-metal boxes, and non-metal banks (Reg. No. 3,036,370) in International Class 21;

o) **BLUE CHIP** for jewelry (Reg. No. 2,249,969) in International Class 14; and

4

     p)    **BLUE CHIP (and Design)** for jewelry (Reg. No. 2,241,795) in International Class 14;

(collectively, the "BLUE CHIP Marks").

9. Plaintiff's federal trademark registrations have not been abandoned, cancelled or revoked. Moreover, several of Plaintiff's federal trademark registrations (namely, the marks indicated in Section 8(c), (d), (f), (h) - (m), (o) and (p)) have become incontestable through the filing of Section 8 and 15 affidavits in the USPTO.

10. Plaintiff has spent substantial sums of money to advertise and promote its business and the BLUE CHIP Marks, in print and broadcast media, and on the Internet through the Blue Chip Casino website <bluechipcasino.com>, which is accessible throughout the United States and around the world.

11. Plaintiff has also made extensive use of the BLUE CHIP Marks on, among other things, signage, wearing apparel, souvenirs and promotional materials.

12. Based on its trademark registrations and extensive use, Plaintiff owns the exclusive right to use the BLUE CHIP Marks in connection with casino, hotel and related services.

13. The BLUE CHIP Marks have become distinctive and famous in the United States and around the world for resort, hotel and casino services.

## DEFENDANT'S INFRINGING ACTIVITIES

14. On or about September 8, 2006, Defendant registered the <bluechipcasino.net> Internet domain name (the "Infringing Domain Name") with Moniker, a registrar for domain names.

15. Some time after registration, Defendant linked the Infringing Domain Name so that it redirects internet users to <fulltiltpoker.com>, an online gambling website ("Full Tilt Poker Website").

16. Plaintiff recently became aware of Defendant's activities, in October 2009.

17. The Infringing Domain Name contains Plaintiff's famous BLUE CHIP Marks, including Plaintiff's BLUE CHIP CASINO mark, which describes the very services offered by Plaintiff.

18. The BLUE CHIP Marks were distinctive and famous at the time Defendant registered the Infringing Domain Name.

19. Defendant did not obtain Plaintiff's consent or authorization to register a domain name containing Plaintiff's BLUE CHIP Marks.

20. Upon information and belief, by registering and using a domain name containing the BLUE CHIP Marks, Defendant was and is attempting to trade on the goodwill of Plaintiff.

21. Upon information and belief, by registering and using a domain name containing Plaintiff's BLUE CHIP Marks, and by using the same to redirect users to an online gambling website, Defendant was and is attempting to create an association between the Infringing Domain Name and Plaintiff's BLUE CHIP Marks.

22. Upon information and belief, by registering and using a domain name containing Plaintiff's BLUE CHIP Marks, and in particular, Plaintiff's BLUE CHIP CASINO mark, and linking it to an online gambling website, Defendant was and is attempting to create an association between the Infringing Domain Name, the Full Tilt Poker Website and Plaintiff's casino services.

23. Upon information and belief, by registering and using a domain name containing Plaintiff's BLUE CHIP Marks, Defendant was and is intending to divert customers from Plaintiff's website to a site accessible under the Infringing Domain Name in a manner that could harm the goodwill represented by Plaintiff's BLUE CHIP Marks.

24. Upon information and belief, Defendant registered the Infringing Domain Name with the bad faith intent to profit from Plaintiff's BLUE CHIP Marks.

25. Upon information and belief, Defendant has no trademark or other intellectual property rights in the BLUE CHIP name or Marks.

26. Upon information and belief, Defendant has never used the Infringing Domain Name in connection with the bona fide offering of any goods or services.

27.     Upon information and belief, Defendant did not believe or have reasonable grounds to believe that his use of the Infringing Domain Name was a fair use or otherwise lawful.

## COUNT I

### (Cybersquatting – 15 U.S.C. § 1125(d))

28.     Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

29.     Defendant has registered, trafficked in, and/or used a domain name that is confusingly similar to and/or dilutive of Plaintiff's BLUE CHIP Marks.

30.     Plaintiff's BLUE CHIP Marks were distinctive and/or famous at the time Defendant registered the Infringing Domain Name.

31.     Upon information and belief, Defendant has and/or had a bad faith intent to profit from Plaintiff's BLUE CHIP Marks.

32.     As a direct and proximate result of such conduct, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

## COUNT II

### (Federal Trademark Infringement – 15 U.S.C. § 1114)

33.     Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

34.     By registering a domain name containing Plaintiff's BLUE CHIP Marks and using the same to redirect users to an online gambling website, Defendant intentionally and knowingly used in commerce a reproduction, counterfeit, copy and/or colorable imitation of Plaintiff's trademarks in connection with the sale, offering for sale, or advertising of services in a manner that is likely to cause confusion or mistake, or to deceive consumers as to an affiliation, connection, or association with Plaintiff.

35.     Defendant's use of a domain name containing Plaintiff's BLUE CHIP Marks has created a likelihood of confusion among consumers who may falsely believe that the Infringing Domain Name and Full Tilt Poker Website are associated with the Blue Chip Casino or that Plaintiff sponsors or approves of Defendant's services or commercial activities.

36. Defendant's use of a domain name containing Plaintiff's BLUE CHIP Marks is also likely to cause initial interest confusion and to divert Internet users away from Plaintiff's website.

37. Defendant's continued and knowing use of Plaintiff's BLUE CHIP Marks without Plaintiff's consent or authorization constitutes intentional infringement of Plaintiff's federal registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

38. As a direct and proximate result of Defendant's infringement, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

## COUNT III

**(Unfair Competition: False Designation of Origin – 15 U.S.C. § 1125(a)(1)(A))**

39. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

40. Defendant's use of a domain name that is confusingly similar to Plaintiff's BLUE CHIP Marks constitutes intentional conduct by Defendant to make false designations of origin and false descriptions about Defendant's services and commercial activities.

41. Defendant's actions have created a likelihood of confusion among consumers who will falsely believe that the services to which Defendant redirects his users are produced by, or affiliated or associated with, Plaintiff, when in fact they are not.

42. Upon information and belief, Defendant acted knowingly, deliberately, and willfully with the intent to trade on Plaintiff's reputation.

43. Defendant's conduct is willful, wanton and egregious.

44. As a direct and proximate result of such unfair competition, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

## COUNT IV

**(Federal Trademark Dilution –15 U.S.C. § 1125(c))**

45. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

46. Plaintiff's BLUE CHIP Marks are inherently distinctive.

47. Based on Plaintiff's continuous and extensive use of the BLUE CHIP Marks, they are entitled to be recognized as famous under 15 U.S.C. § 1125(c).

48. Defendant began using, in commerce, a domain name containing Plaintiff's BLUE CHIP Marks, after Plaintiff's BLUE CHIP Marks became famous.

49. Defendant's unauthorized use of a domain name that is confusingly similar to Plaintiff's BLUE CHIP Marks has and will cause dilution of the distinctive quality of Plaintiff's BLUE CHIP Marks and the goodwill associated with them, in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

50. Upon information and belief, Defendant's actions were willful in nature, in that Defendant willfully intended to trade on Plaintiff's reputation or to dilute Plaintiff's BLUE CHIP Marks.

51. As a direct and proximate result of Defendant's dilution of Plaintiff's BLUE CHIP Marks, Plaintiff has suffered, and will continue to suffer, irreparable injury to its business, reputation, and goodwill.

## COUNT V

### (Common Law Trademark Infringement)

52. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

53. By virtue of having used and continuing to use Plaintiff's BLUE CHIP Marks, Plaintiff has acquired common law trademark rights in the marks.

54. Defendant's use of a domain name containing Plaintiff's BLUE CHIP Marks infringes Plaintiff's common law trademark rights in its BLUE CHIP Marks and is likely to cause confusion, mistake, or deception among consumers, who will believe that the services to which Defendant redirects users originate from, are affiliated with, or are endorsed by Plaintiff, when, in fact, they are not.

55. As a direct and proximate result of Defendant's infringement, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

### COUNT VI

**(Common Law Intentional Interference with Prospective Economic Advantage)**

56. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

57. Upon information and belief, at and since the time Defendant began using Plaintiff's BLUE CHIP Marks, Defendant knew and has known that Plaintiff is in the business of providing casino hotel spa services, and that Plaintiff advertises these services on the Internet using Plaintiff's BLUE CHIP Marks.

58. Upon information and belief, Defendant committed acts intended or designed to disrupt Plaintiff's prospective economic advantage arising from advertising and/or providing these services.

59. Defendant's actions have disrupted or are intended to disrupt Plaintiff's business by, among other things, diverting web users away from Plaintiff's website and to the Full Tilt Poker Website to which Defendant linked and redirected the Infringing Domain Name.

60. Defendant has no legal right, privilege or justification for this conduct.

61. As a direct and proximate result of Defendant's intentional interference with the Plaintiff's prospective economic advantage, Plaintiff has suffered, and will continue to suffer, monetary damages and irreparable injury.

62. Based on the intentional, willful and malicious nature of Defendant's actions, Plaintiff is entitled to recover monetary damages, exemplary or punitive damages and reasonable attorneys' fees and costs incurred in connection with this action.

### COUNT VI

**(Deceptive Trade Practices – N.R.S. § 598.0915)**

63. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

64. Upon information and belief, in the course of conducting business, Defendant knowingly made false representations as to an affiliation, connection, and/or association with Blue Chip Casino by using marks identical and/or confusingly similar to Plaintiff's BLUE CHIP Marks, and otherwise engaged in deceptive trade practices.

65. As a direct and proximate result of Defendant's deceptive conduct, Plaintiff suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation, and goodwill.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that the Court grant the following relief:

A. A preliminary and permanent injunction prohibiting Defendant, Defendant's respective officers, agents, servants, employees and/or all persons acting in concert or participation with Defendant, from: (1) using Plaintiff's BLUE CHIP Marks or confusingly similar variations thereof, alone or in combination with any other letters, words, letter strings, phrases or designs, in commerce or in connection with any business or for any purpose whatsoever (including, but not limited to, on websites, in domain names, in hidden text and metatags); and (2) registering or trafficking in any domain names containing the Plaintiff's BLUE CHIP Marks or confusingly similar variations thereof, alone or in combination with any other letters, words, phrases or designs;

B. A permanent injunction requiring the current domain name registrar to transfer the <bluechipcasino.net> domain name to Plaintiff;

C. An award of compensatory, consequential, statutory, exemplary, and/or punitive damages to Plaintiff in an amount to be determined at trial;

    D.    An award of interest, costs and attorneys' fees incurred by Plaintiff in prosecuting this action; and

    E.    All other relief to which Plaintiff is entitled.

DATED this 23rd day of November, 2009    Respectfully submitted,

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By:  /s/ Mitchell J. Langberg
    Mitchell J. Langberg (# 10118)
    Laura E. Bielinski (# 10516)
    100 City Parkway, Suite 1600
    Las Vegas, Nevada 89106-4614

    Attorneys for Plaintiff
    BOYD GAMING CORPORATION